IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WALEED ALZAHRANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:17-cv-04128-TWP-MJD |
| | ) |
| INDIANA UNIVERSITY, | ) |
| INDIANA UNIVERSITY-PURDUE | ) |
| UNIVERSITY INDIANAPOLIS, | ) |
| BRIAN TOMLINSON, JASON SPRATT, | ) |
| and MARIA HINTON | ) |
| | ) |
| Defendants. | ) |

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiff Waleed Alzahrani and Defendants Indiana University, Indiana University-Purdue University Indianapolis, Brian Tomlinson, Jason Spratt and Maria Hinton (collectively, the "IU Defendants"), by counsel, jointly and respectfully move for a 180-day stay of further proceedings in this Court pending the results of Mr. Alzahrani's efforts to transfer to another graduate program to complete his doctoral degree in respiratory therapy. If this Motion is granted, the parties would file a Joint Status Report and proposed Amended Scheduling Order within fourteen (14) days of the conclusion of the 180-day stay (or earlier, if Mr. Alzahrani determines that transfer is no longer available) regarding any further proceedings in this Court. As good cause for this Motion, the parties state as follows:

1. A trial court has broad discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Id*. at 254.

2. "[T]he decision to grant a stay, like the decision to grant an evidentiary hearing, is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). This decision "calls for the district court, in 'the exercise of judgment,' to 'weigh competing interests and maintain an even balance' between the court's interest in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. V. Gov't of Belize*, 668 F.3d 724, 732-33 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254-55).

3. Plaintiff filed his Complaint for Damages on January 30, 2018. *See* ECF No. 1. Plaintiff's Complaint alleges that Mr. Alzahrani was expelled from his doctoral program at IUPUI after his wife, Alaa Bugis, accused him of rape, physical violence, and verbal abuse. Plaintiff's Complaint includes legal claims against the IU Defendants for the alleged deprivation of his due process rights (42 U.S.C. § 1983, against all Defendants), for the alleged violation of Title IX of the Education Amendments of 1972 (against all Defendants), for the alleged deprivation of his due process rights under the Indiana Constitution (against all individual Defendants), for alleged negligence (against all Defendants), and for alleged defamation (against all Defendants).

4. Plaintiff contends in his Complaint that he is being sued by the Kingdom of Saudi Arabia for $8,300,000.00 because he did not complete his Ph.D. at IUPUI. *See* ECF No. 1 at ¶ 113. Accordingly, Plaintiff's Complaint "seeks equitable relief under the Indiana Constitution in the form of an affirmative injunction instructing IU/IUPUI to confer his Ph.D. upon him", in addition to compensatory and punitive damages and the reimbursement of all attorney fees and expenses. *See* ECF No. 1 at ¶ 145.

5. Plaintiff concedes it is unlikely he will be able to avoid prosecution by the Kingdom of Saudi Arabia unless he completes his Ph.D. degree.

6.      Counsel for the parties agree that IU/IUPUI will not voluntarily reinstate Plaintiff and confer an IU doctoral degree upon Plaintiff in the absence of a court order and that such order is an unlikely remedy in the current litigation.

7.      Given the above reality, the parties would like to stay this litigation for 180 days to allow Mr. Alzahrani an opportunity to explore transferring to another respiratory therapy graduate program.

8.      If Mr. Alzahrani is able to successfully transfer to another graduate program, both parties agree that this matter will be settled and it will terminate this litigation.

9.      The IU Defendants are agreeing to this Joint Motion to Stay Proceedings in lieu of filing their Motion to Dismiss Plaintiff's Complaint and supporting pleadings, which would otherwise be due today. If the Court is unwilling to allow the stay, the IU Defendants respectfully request that they be permitted an additional five (5) day enlargement from the date of the Court's denial to file their Motion. Plaintiff's counsel consents to this enlargement, if it is necessary.

10.     A brief 180-day stay of further proceedings would promote judicial economy and conserve the resources of the parties. The parties are optimistic that Mr. Alzahrani will be able to transfer to another graduate program. If the stay is denied, the parties and the Court will waste valuable resources litigating a dispute that may otherwise resolve on its own accord if the transfer is allowed.

11.     If the Court issues an Order staying further proceedings, the parties will file a Joint Status Report and proposed Amended Scheduling Order within fourteen (14) days of the conclusion of the 180-day stay (or earlier, if Mr. Alzahrani determines that transfer is no longer available) regarding any further proceedings in this Court.

WHEREFORE, Plaintiff Waleed Alzahrani and Defendants Indiana University, Indiana University-Purdue University Indianapolis, Brian Tomlinson, Jason Spratt and Maria Hinton jointly and respectfully request that the Court issue an Order staying further proceedings for 180 days pending the results of Mr. Alzahrani's efforts to transfer to another graduate program to complete his doctoral degree in respiratory therapy, and for all other just and proper relief.

Dated: March 19, 2018                                  Respectfully submitted,


*/s/ Jonathan Little*_____                           */s/ Jonathan D. Mattingly*_____
Jonathan Little (#27421-49)                            Jonathan D. Mattingly (# 21011-41)
Jessica Wegg (#28693-49)                               Hamish S. Cohen, #22931-53
SAEED & LITTLE, LLP                                    MATTINGLY BURKE COHEN & BIEDERMAN LLP
1433 North Meridian Street, Suite 202                  5255 Winthrop Ave., Suite 100
Indianapolis, IN 46202                                 Indianapolis, IN 46220
T:  317-721-9214                                       T: 317-614-7320
jon@sllawfirm.com                                      Jonathan.Mattingly@mbcblaw.com
jessica@sllawfirm.com                                  Hamish.Cohen@mbcblaw.com

*Attorneys for Plaintiff*                              *Attorneys for Indiana University, Indiana*
*Waleed Alzahrani*                                     *University-Purdue University Indianapolis, Brian*
                                                       *Tomlinson, Jason Spratt, Maria Hinton*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on March 19, 2018, a copy of the foregoing was filed electronically. Service of this filing will be made on ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

Jonathan Charles Little
SAEED & LITTLE
1433 N. Meridian St.
Suite 202
Indianapolis, IN 46202
jon@sllawfirm.com

            */s/ Jonathan D. Mattingly*_____
            Jonathan D. Mattingly (# 21011-41)